UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHARIFE ROBERSON, | : | |
| Plaintiff, | : | Civ. No. 13-1942 (DMC) (JAD) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OFFICER P. SZOTAK, et al., | : | |
| Defendants. | : | |

**DENNIS M. CAVANAUGH, U.S.D.J.**

## I.  INTRODUCTION

Plaintiff is a state prisoner incarcerated at the Union County Jail in Elizabeth, New Jersey.  In February, 2013, Plaintiff filed a *pro se* complaint in the Superior Court of New Jersey, Union County.  In March, 2013, Defendants removed the complaint to this Court asserting that the complaint raises federal questions.  Because the Plaintiff is a prisoner and has named governmental employees as Defendants, the screening provision of the Prisoner Litigation Reform Act ("PLRA") at 28 U.S.C. § 1915A applies.  Therefore, at this time, the Court must review the complaint pursuant to § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  For the reasons set forth below, the complaint will be dismissed with leave to amend.

## II.  BACKGROUND

Plaintiff brings this civil action against defendants Officer P. Szotak, Officer McDonough, Officer Lawal and Sergeant Polyviou of the Elizabeth Police Department.  The

following factual allegations are taken from the complaint, and are accepted as true for purposes of screening the complaint only.

Plaintiff's complaint arises from his arrest on October 11, 2012, for carjacking and robbery. Plaintiff was stopped by Elizabeth Police on October 11, 2012 while he was in a vehicle. Plaintiff was afraid during this stop because he knew that Elizabeth Police were known for their use of excessive force and racial profiling. During the search of the vehicle, the victim's cellphone was found by the officers and Plaintiff was taken to the police precinct and charged. Plaintiff alleges he was not read is *Miranda* warnings nor provided an attorney at that time.

Plaintiff claims that he should not have been arrested and incarcerated because there was a lack of probable cause to arrest him since he had the car title and keys to the car in question when he was stopped. He claims that Officers McDonough, Lawal and Sergeant Polyviou were present at the time of the purported constitutional misconduct. Plaintiff further states that Officer Szotak is the supervisor and should have known of the inconsistencies and false information that led to Plaintiff's arrest, including a lack of probable cause.

The complaint states that the probable cause used to arrest him was from the statement of the victim. Indeed, Plaintiff states in the complaint that Lawal took a statement from the victim that "Plaintiff 'had pulled a handgun on him.'" (Compl. ¶ 25.) Plaintiff further alleges that "Union County A/P Debbie White be liable for her deliberate willful deliberate indifferent acts and non-action on part of defendants' violation of plaintiff's constitutional rights." (Compl. ¶ 53.)

Plaintiff seeks $50,000 in damages from each defendant as well as $500 for each day he has been in "captivity" from each defendant. Plaintiff asserts claims for false arrest/false

imprisonment, illegal search and seizure, lack of *Miranda* warnings, racial profiling and that he suffered cruel and unusual punishment. (Compl. ¶ 50.)

## III.    STANDARD OF REVIEW

A. <u>Standards for *Sua Sponte* Dismissal</u>

The PLRA requires a district court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Tp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988)).

## IV.   DISCUSSION

A. False Arrest/False Imprisonment

Plaintiff first asserts claims of false arrest and false imprisonment stemming from his arrest and detention in October, 2012. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest.

4

*See Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing *Groman*, 47 F.3d at 636). Thus, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office*, No. 11-3588, 2012 WL 273887, at 4 n.2 (D.N.J. Jan. 31, 2012) (citing *Groman*, 47 F.3d at 636). "'Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must only reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than proving guilt at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted).

The complaint fails to state a false arrest/false imprisonment claim because it does not allege that probable cause was lacking during the arrest. "The issue of whether there is probable cause is generally a question for the jury; however, 'a district court may conclude that probable cause did exist as a matter of law if the evidence, viewed most favorable to plaintiff, reasonably would not support a contrary factual finding[.]'" *Boothby v. Drake*, 441 F. App'x 905, 908 (3d Cir. 2011) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003) (quoting *Sherwood v. Mulvhill*, 113 F.3d 396, 401 (3d Cir. 1997))).

Plaintiff admits that he was arrested pursuant to a victim statement whereby the victim stated to the police that Plaintiff had "pulled a handgun on him." (Compl. ¶ 25.) Furthermore, Plaintiff admits that the alleged victim's cellphone was found in the vehicle that Plaintiff was in

5

when he was stopped by police. The police had the victim's statement that implicated Plaintiff as the perpetrator as well as corroborating evidence in light of the victim's alleged cell phone being found in the vehicle. Under these circumstances, Plaintiff has failed to allege that the police lacked probable cause to arrest him.[1] *Accord Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782 (3d Cir. 2000) (holding that "credible report from credible eyewitness" who witnessed crime and that defendant told him he intended to deprive district of its property was sufficient to establish probable cause to arrest for theft); *Brockington*, No. 11-6429, 2013 WL 1811903, at *5 (D.N.J. Apr. 29, 2013) (finding that complaint failed to allege probable cause where plaintiff acknowledged he was arrested pursuant to a witness/victim complaint and composite sketch and witness/victim identification). Additionally, it is also worth noting that supervising officials cannot be held liable for the actions of their subordinates unless the litigant asserts facts showing these supervisors' personal involvement in the alleged wrongs. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). In this case, it appears as if Plaintiff is attempting to rely on such a theory against defendant Szotak. This does not state a claim.

B. Lack of *Miranda* warnings

Plaintiff asserts that he was not given his *Miranda* warnings upon his arrest. The Supreme Court's opinion in *Miranda v. Arizona*, 384 U.S. 436 (1966), prohibits the government from using "statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to

---

[1] Plaintiff's failure to allege a lack of probable cause also precludes a finding that that Plaintiff stated a claim for unlawful search and seizure. *See Rodwell v. Weaver*, No. 12-989, 2012 WL 4955249, at *2 (D.N.J. Oct. 10, 2012) ("[A] search or seizure *without* probable cause may form the basis of a Section 1983 claim based on the Fourth Amendment.") (citing *Reedy v. Evanson*, 615 F.3d 197 (3d Cir. 2010) (emphasis added); *United States v. Silveus*, 542 F.3d 993, 999 (3d Cir. 2008); *Groman*, 47 F.3d at 636)).

secure the privilege against self-incrimination." *Id.* at 444. *Miranda* requires that, "[p]rior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed." *Id.* Nevertheless, "questioning a plaintiff in custody without providing *Miranda* warnings is not a basis for a § 1983 claim as long as the plaintiff's statements are not used against [him] at trial." *Renda v. King*, 347 F.3d 550, 557-58 (3d Cir. 2003). The complaint does not allege what statements Plaintiff made to the police while in custody, nor does it allege that statements were used against him at trial. Accordingly, Plaintiff does not state a *Miranda* claim.

C. Racial Profiling

Plaintiff also asserts a general claim of racial profiling.

> To make a Fourteenth Amendment equal protection claim based upon selective enforcement or racial profiling, a plaintiff must show that law enforcement actions: "(1) had a discriminatory effect and (2) were motivated by a discriminatory purpose." *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002). To prove discriminatory effect, a plaintiff must "show that he is a member of a protected class and that he was treated differently from similarly situated individuals in an unprotected class." *Id.* at 206. That effect "may be proven by naming similarly situated members of an unprotected class who were not selected for the same [treatment] or, in some cases, by submitting statistical evidence of bias." *Id. See also Alvin v. Calabrese*, 455 F. App'x 171, 177 (3d Cir. 2011); *Suber v. Guinta*, No. 10-3156, - F. Supp. 2d. -, 2013 WL 754694, at *13 (E.D. Pa. Feb. 28, 2013).

*Brockington*, 2013 WL 1811903, at *5; *see also Carrasca v. Pomeroy*, 313 F.3d 828, 834 (3d Cir. 2002) ("To prevail on an equal protection claim in the racial profiling context, Plaintiffs would have to show that the challenged law enforcement practice had a discriminatory effect and was motivated by a discriminatory purpose . . . To prove discriminatory effect, Plaintiffs must

show that they are members of a protected class and 'similarly situated' persons in an unprotected class were not prosecuted[.]") (internal citation omitted).

In this case, the complaint lacks factual allegations to support a racial profiling claim. The complaint only alleges a bare legal conclusion without sufficient factual allegations to show that a racial profiling claim is at least facially plausible. This is insufficient to state a racial profiling claim under *Iqbal*. *Accord Brockington*, 2013 WL 1811903, at *5 (finding that plaintiff failed to state a racial profiling claim where complaint only alleged bare legal conclusions without "sufficient factual matter"); *Mitchell v. Twp. of Pemberton*, No. 09-810, 2010 WL 2540466, at *6 (D.N.J. June 17, 2010) ("The Supreme Court's and, accordingly, the Third Circuit's recent clarification of the standard for reviewing a complaint to determine whether a valid claim has been advanced instructs that a plaintiff, such as Plaintiff in this case, cannot merely claim that a racial profiling policy or custom caused a constitutional violation, without a single fact, aside from Plaintiff's particular incident, to support such a claim.").

D. Cruel and Unusual Punishment

Plaintiff also vaguely asserts that he suffered cruel and unusual punishment upon his arrest. This claim is analyzed under the Due Process Clause of the Fourteenth Amendment. *See Tapp v. Proto*, 404 F. App'x 563, 566 (3d Cir. 2010) (per curiam) (noting that plaintiff's claims that arise when he is a pretrial detainee are prosecuted under the Due Process Clause). A pre-trial detainee is entitled to at least those constitutional rights that are enjoyed by convicted prisoners. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979).

In this case, Plaintiff does not state in the complaint what conditions of confinement purportedly violated the Fourteenth Amendment. His conclusory and bare allegations that he suffered "cruel and unusual punishment," without more, do not satisfy the *Iqbal* standard that

8

this claim is facially plausible. Accordingly, the complaint does not state a claim under the Due Process Clause of the Fourteenth Amendment with respect to the conditions of confinement.

E. Assistant Prosecutor White

While not listed as a Defendant in the caption, Plaintiff alleges in the complaint that Assistant Prosecutor Debbie White should be liable for "her deliberate willful deliberate indifferent and non-action on part of defendants violation of plaintiff's constitutional rights." (Compl. ¶ 53.) For the following reasons, to the extent that Plaintiff is also seeking to raise a claim against White, his allegations fail to state a claim upon which relief may be granted.

A state prosecuting attorney who acts within the scope of her duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Arsad v. Means*, 365 F. App'x 327, 329 (3d Cir. 2010) (per curiam). A prosecutor's appearance in court as an advocate of the state's position or the presentation of evidence at a hearing is protected by absolute immunity. *See Burns v. Reed*, 500 U.S. 478, 492 (1991). Moreover, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. " *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

The Court construes Plaintiff's allegations as asserting that White was responsible for approving the charges levied against him. The acts Plaintiff complains of as to White are acts undertaken by her in preparation for judicial proceedings. Accordingly, immunity protects her from suit in this case.

## V.    CONCLUSION

Before dismissing the complaint for failure to state a claim upon which relief may be granted, the Court must grant Plaintiff leave to amend the complaint unless amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  In this case, because it is possible that Plaintiff may be able to supplement his complaint with facts sufficient to overcome the deficiencies noted herein, the complaint will be dismissed without prejudice with leave to amend.  If Plaintiff chooses to file an amended complaint, it should be complete on its face because an amended complaint supersedes the original complaint.  An appropriate order will be entered.

DATED 8/5/13

DENNIS M. CAVANAUGH
United States District Judge